**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| DIEGO ARMANDO SEGUNDO, | No. 06-70398 |
| Petitioner, | Agency No. A078-371-019 |
| v. | |
| ERIC H. HOLDER, JR., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued June 13, 2011; Resubmitted October 31, 2012
San Francisco, California

Before: SCHROEDER, RIPPLE,[**] and GRABER, Circuit Judges.

Diego Armando Segundo, a native and citizen of Mexico, has petitioned for

review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from

an immigration judge's denial of his application for cancellation of removal for

failure to meet the ten-year continuous presence requirement. We previously

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable Kenneth F. Ripple, Senior United States Circuit Judge
for the Seventh Circuit, sitting by designation.

referred his petition to the court's mediation office, along with those of his co-petitioners. Their cases in this court have been terminated, and we are asked to decide only Armando Segundo's petition.

Petitioner seeks relief from the ten-year continuous presence requirement under the equitable-tolling doctrine due to the bad advice he received from prior counsel, and he argues that the BIA's failure to grant such relief violated his due process rights. As a result, he argues that the end date of his continuous presence should be equitably tolled, or extended, from the date on which he received his Notice to Appear to the date on which he retained competent counsel.

It is clear that Petitioner's original counsel misadvised him to apply for relief when he had not yet met the ten-year period of continuous presence required for cancellation of removal. Equitable tolling, however, cannot be applied in cases such as this one, where the unfairness stems from the conduct of counsel, which is "exterior to immigration procedures themselves." *Hernandez-Mancilla v. Holder*, 633 F.3d 1182, 1186 (9th Cir. 2011) (citing *Lara-Torres v. Ashcroft*, 383 F.3d 968, 973 (9th Cir. 2004), *as amended by* 404 F.3d 1105 (9th Cir. 2005)). We have also held that such conduct by counsel does not constitute a due process violation. *Lara-Torres*, 383 F.3d at 973.

**PETITION DENIED.**

2